## Ingram & LeGrand Lumber Company v. Rutledge.

Gilbert, J. The exception in this case is to a judgment refusing an interlocutory injunction. The petition of Ingram & LeGrand Lumber Company alleged, in substance, that on December 2, 1922, J. T. Rutledge executed a contract by which he conveyed timber on described land to R. T. Humber, which contract was subsequently assigned and transferred to petitioner. Under the terms of the contract the grantee was allowed six years from the date of the contract, to cut and remove the timber. The contract provided for its renewal at the option of the grantees, as follows: "It is understood and agreed between the parties, that, upon the expiration of the time allowed herein for the party of the second part to complete the cutting of the timber and the various other acts incident thereto named herein, the party of the second part may, at election, continue this contract of full force and for a term of 6 years by tendering to the party of the first part, at the date of expiration or within thirty days thereafter, the sum equal to 8 per cent. interest on the consideration herein named, for the first year of said renewal, and annually thereafter a similar sum during the time of said renewal. Said payments to be tendered annually, and the party of the second part to have the right to terminate said contract at any time by thirty days notice or by failure to make such tender." It is agreed that on December 2, 1928, the Lumber Company paid Rutledge $24, being eight per cent. interest on the consideration named in the contract, $300. It is also agreed that on December 12, 1929, plaintiffs tendered to the defendant $24, being eight per cent. on the agreed purchase-price of the timber, to continue the contract during another or second year. The tender was refused by the defendant, who contended that the contract was terminated by failure of the Lumber Company to pay or tender the $24 on or before December 2, 1929, defendant contending that the provision for annual payment made for the purpose of extending or renewing the contract applied only to the first payment after the expiration of the original contract. The petitioners contended that under the terms of the contract the right to renew for six years permitted these payments to be made at any time within thirty days after the second day of December during the six years. The court refused to grant an injunction to prevent Rutledge from interfering with the cutting and removing of the timber by the Lumber Company.

1. Under the terms of the contract the grantee or his assigns had the right, at their election, to "continue this contract of full force and for a term of 6 years," by paying $24 to the grantor within the time specified. The time specified was on or before the expiration of the contract or within thirty days thereafter. That sum was paid within the time, and upon that payment the contract was extended for "a term" of six years.

2. The lumber company having extended the contract for a term of six years, it became bound, under the contract, to pay annually thereafter a similar sum during the time of said renewal.

3. Under the terms of the contract the lumber company was obligated to make payments on or before the second day of December of each year, or within thirty days thereafter during the second period of six years.

4. The tender of $24 on December 12, 1929, was within the terms of the contract, and constituted a compliance on the part of the lumber company.
5. The court erred in denying an injunction as prayed.

*Judgment reversed. All the Justices concur.*

No. 7752. MAY 16, 1930.

*R. S. Wimberly* and *Willingham & Willingham,* for plaintiff.
*G. Y. Harrell,* for defendant.